IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JANIE HAWKINS, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

THE COCA-COLA COMPANY,

                Defendant.

Case No. 7:21-cv-08788-KMK

**MEMORANDUM OF LAW IN SUPPORT OF THE COCA-COLA COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Steven A. Zalesin
Jane Metcalf
Dakotah M. Burns
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
sazalesin@pbwt.com
jmetcalf@pbwt.com
dburns@pbwt.com

*Attorneys for Defendant The Coca-Cola Company*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................................... 1

BACKGROUND .................................................................................................................................. 2

      A.    Fanta ........................................................................................................................... 2

      B.    Hawkins's Allegations ............................................................................................... 3

ARGUMENT ........................................................................................................................................ 4

I.    Hawkins Fails to State a Plausible Claim Under the GBL ..................................................... 4

      A.    Hawkins Makes No Plausible Claim of Deception ................................................... 4

      B.    Hawkins's Own Allegations Contradict Her Claims ................................................ 8

II.   Hawkins's Ancillary Claims Fail as a Matter of Law ............................................................ 9

      A.    Breach of Express Warranty ...................................................................................... 9

      B.    Fraud ......................................................................................................................... 10

CONCLUSION .................................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Antrobus v. Dapecevic*,
   No. 17-CV-5840 (KMK), 2018 WL 3242272 (S.D.N.Y. July 3, 2018) (Karas, J.) ..................................................................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................4

*Barberan v. Nationpoint*,
   706 F. Supp. 2d 408 (S.D.N.Y. 2010) (Karas, J.) .....................................................................8

*Barreto v. Westbrae Nat., Inc.*,
   518 F. Supp. 3d 795 (S.D.N.Y. 2021) .....................................................................................10

*Beth Israel Med. Ctr. v. Verizon Bus. Network Servs., Inc.*,
   No. 11 Civ. 4509 (RJS), 2013 WL 1385210 (S.D.N.Y. Mar. 18, 2013) .................................10

*Budhani v. Monster Energy Co.*,
   527 F. Supp. 3d 667 (S.D.N.Y. 2021) .......................................................................................6

*CVC Claims Litig. LLC v. Citicorp Venture Cap. Ltd.*,
   No. 03 CIV. 7936 (DAB), 2007 WL 2915181 (S.D.N.Y. Oct. 4, 2007) ...................................7

*Harris v. United States*,
   No. 97 CIV. 1904 (CSH), 1997 WL 806976 (S.D.N.Y. Dec. 31, 1997) ...................................7

*Hayes v. Gen. Mills, Inc.*,
   No. 19-cv-05626, 2021 WL 3207749 (N.D. Ill. July 29, 2021) ................................................6

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir. 1995) ......................................................................................................9

*James v. Gage*,
   No. 15-CV-106 (KMK), 2018 WL 2694436 (S.D.N.Y. June 5, 2018) .....................................8

*Lam v. Gen. Mills, Inc.*,
   859 F. Supp. 2d 1097 (N.D. Cal. 2012) ....................................................................................5

*Mid Island LP v. Hess Corp.*,
   41 Misc.3d 1237 (A), (N.Y. Sup. Ct. 2013) ..............................................................................9

*Milan v. Wertheimer*,
   808 F.3d 961 (2d Cir. 2015) ......................................................................................................6

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Noohi v. Kraft Heinz Co.*,
  No. 19-cv-10658, 2020 WL 5554255 (C.D. Cal. July 20, 2020)..............................................6

*Santiful v. Wegmans Food Markets, Inc.*,
  No. 20-CV-2933 (NSR), 2022 WL 268955 (S.D.N.Y. Jan. 28, 2022)......................................7

*Singleton v. Fifth Generation, Inc.*,
  No. 5:15-CV-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ..............................................9

*Viggiano v. Hansen Nat. Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ...............................................................................5, 6

*Willard v. Tropicana Mfg. Co., Inc.*,
  No. 20-CV-01501, 2021 WL 6197079 (N.D. Ill. Dec. 30, 2021).............................................6

*Wynn v. Topco Assocs., LLC*,
  No. 19-CV-11104 (RA), 2021 WL 168541 .......................................................................4, 7

**Statutes**

New York General Business Law, Sections 349 & 350 ...................................................................1

**Other Authorities**

21 C.F.R. § 101.22(a)(1).........................................................................................................2, 5, 8

21 C.F.R. § 170.3(o)(11).........................................................................................................2, 3, 8

21 C.F.R. § 170.3(o)(23)..............................................................................................................2, 5

21 C.F.R. § 184.1069(c)................................................................................................................2, 6

Fed. R. Civ. P. 9(b) ..........................................................................................................................10

Defendant The Coca-Cola Company ("Coca-Cola") respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Janie Hawkins ("Hawkins").

## PRELIMINARY STATEMENT

Hawkins claims that the label of Coca-Cola's piña-colada-flavored Fanta® beverage ("Fanta")—which states that the product has "100% Natural Flavors"—is misleading because the beverage purportedly contains "artificial DL-Malic Acid."  To state a viable claim of deception under New York's General Business Law ("GBL"), however, it is not enough to allege that the malic acid in Fanta is artificial—rather, Hawkins must plausibly claim that malic acid ***functions as a flavor*** in the product.  There is no such plausible allegation here.

Under U.S. Food and Drug Administration ("FDA") regulations, whether an ingredient is a "flavor" turns on the function it serves in the specific product in question.  Hawkins's FAC offers nothing but speculation that malic acid functions as a flavor in Fanta.  Instead, her allegations support the opposite conclusion. She admits, for example, that malic acid may function as a "pH balancer" or a "flavor enhancer" in beverages—neither of which would qualify as a "flavor" under FDA rules.  In fact, Hawkins affirmatively alleges that the malic acid in Fanta functions as a flavor enhancer, not as a flavor that imparts a characteristic taste of its own.  The FAC expressly states that the malic acid at issue here is "used to enhance the taste of" Fanta's piña-colada flavor.  This admission, by itself, defeats Hawkins's claims.

In short, Hawkins's allegations are both unsupported and flatly contradicted by her own FAC. These defects doom Hawkins's GBL claims as well as her derivative common-law claims for fraud and breach of express warranty.[1] The FAC should be dismissed with prejudice.

## BACKGROUND

### A. Fanta

Coca-Cola is a global beverage producer whose portfolio includes Fanta. FAC ¶ 1. The front label of Fanta states that the beverage has "100% Natural Flavors."

As its label makes clear, Fanta also includes a number of other ingredients, one of which is malic acid. (*Id.* ¶ 32.) FDA rules recognize that malic acid can serve a variety of functions in a beverage, including as a "pH control agent," a "flavoring agent and adjuvant," or "a flavor enhancer." 21 C.F.R. § 184.1069(c). A pH control agent is "added to change or maintain active acidity or basicity." *Id.* § 170.3(o)(23). A flavoring agent and adjuvant is "added to impart or help impart a taste or aroma in food." *Id.* § 170.3(o)(12).[2] And a flavor enhancer is "added to supplement, enhance, or modify the original taste and/or aroma of a food, without imparting a characteristic taste or aroma of its own." *Id.* § 170.3(o)(11)). Given these distinct functions, a beverage may contain malic acid yet still have 100% natural flavors, so long as the function of the malic acid is not to "impart[] a characteristic taste or aroma of its own." *Id.*

---

[1] Pursuant to the letter filed at Docket No. 20, Hawkins has agreed to withdraw all but her GBL claims and her common-law claims for fraud and breach of express warranty. Thus, although the present FAC includes other claims, only the three aforementioned claims remain at issue in this proceeding.

[2] FDA regulations similarly define "artificial flavor" as "any substance, the function of which is to impart flavor, which is not derived from a [natural source]." 21 C.F.R. § 101.22(a)(1).

2

B.      Hawkins's Allegations

Hawkins alleges that the statement "100% Natural Flavors" on Fanta's label is misleading because the beverage purportedly contains "artificial DL-Malic Acid." FAC ¶ 64. But Hawkins offers only conclusory allegations, not facts, to allege that malic acid functions as a flavor in Fanta. *See, e.g.*, FAC ¶ 34 (summarily claiming that "this malic acid is an artificial flavoring ingredient which provides flavoring to the Product"); ¶ 71 (simply announcing that Fanta contains "artificial flavor in the form of DL-Malic Acid"). Further, Hawkins admits that malic acid may *not* function as a flavor in beverages, and instead "could function as a flavor enhancer or PH balancer." *Id.* ¶ 83. Once again, in lieu of facts, Hawkins relies on naked legal conclusions to contend that the malic acid in Fanta functions as a flavor, rather than a pH balancer or flavor enhancer. *See, e.g.*, ¶¶ 88-89 (explaining that FDA defines "PH balancers" as "substances added to change or maintain active acidity or basicity," and then declaring without explanation that "[t]he malic acid used [in Fanta] is not a PH balancer because it is not necessary to change or maintain active acidity or basicity").

Moreover, Hawkins expressly and repeatedly alleges that the malic acid in Fanta functions as a flavor enhancer—***not*** as a flavor that "impart[s] a characteristic taste or aroma of its own." 21 C.F.R. § 170.3(o)(11). She admits, for example, that the product's "natural ratio of sugar and L-Malic Acid" provides a "tart and fruity taste." FAC ¶¶ 59, 65 80, 97. She further concedes that the malic acid in Fanta does not impart a taste or aroma of its own, but instead is "***used to enhance the taste*** of the fruits pictured on the Product." *Id.* ¶ 97.

These admissions contradict Hawkins's unsupported allegation that malic acid functions as a flavor, rather than a flavor enhancer, in Fanta. Hawkins's FAC otherwise fails to plead any

3

facts that plausibly suggest Fanta's label is misleading. Her claims are fatally deficient and should be dismissed.

## ARGUMENT

### I.  Hawkins Fails to State a Plausible Claim Under the GBL

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; instead, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To state a claim under Sections 349 and 350 of the GBL, a plaintiff must plausibly allege that the disputed advertising would "be misleading to a reasonable consumer." *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104 (RA), 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021) (citation omitted).  It is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id.* (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).  Here, Hawkins's FAC offers only conclusory and contradictory allegations—not facts—to suggest that Fanta's label would mislead a reasonable consumer.

#### A.  Hawkins Makes No Plausible Claim of Deception

Hawkins does not and cannot plausibly allege that Fanta's label is false or misleading in any way.  The crux of Hawkins's GBL claim is that the statement "100% Natural Flavors" is deceptive because the product allegedly contains "artificial DL-Malic Acid." (FAC ¶ 64.)  But Hawkins cannot state a viable claim under the GBL merely by alleging that some of Fanta's

4

ingredients are "artificial." Rather, she must plausibly allege that Fanta contains an artificial ingredient that *functions as a flavor* in the beverage.

FDA rules define a "flavoring agent" as an ingredient "***added to impart or help impart taste or aroma*** in food," 21 C.F.R. § 170.3(o)(23) (emphasis added), and "artificial flavor" as "any substance, ***the function of which is to impart flavor***, which is not derived from a [natural source]," *id.* § 101.22(a)(1) (emphasis added). Thus, Fanta may truthfully state that its product has "100% Natural Flavors"—even if the product has some artificial ingredients—as long as the function or purpose of those ingredients is not "to impart flavor" in the product. *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013) ("Hansen's soda cans refer specifically to natural *flavors*, not natural ingredients. Viggiano does not identify any flavors in the sodas that are not natural or artificial; rather, the synthetic ingredients he cites in the complaint—ace-K and sucralose—are artificial sweeteners or flavor enhancers."); *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1103 (N.D. Cal. 2012) ("Lam points to a number of cases concerning the use of the labels 'natural' and 'all natural' to describe a product's ingredients. These cases are inapposite since they deal with the labeling of a product's ingredients, not the labeling of its flavors. Here, the labeling challenged by Lam—which is related to the [product's] flavor—is expressly permitted by FDA regulations.").

As set forth above, Hawkins admits in her FAC that the malic acid in beverages may function ***not*** as a flavor, but as a "PH balancer" or a "flavor enhancer." FAC ¶ 83. Nevertheless, she simply announces—without factual support of any kind—that the malic acid at issue here must function as a "flavor." *See, e.g., id.* ¶¶ 34 (summarily referring to malic acid as a "flavor"); 71

5

(same); 77 (same).³  These bare legal conclusions are facially insufficient to state a claim of deception under the GBL.  *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (courts "need not accept conclusory allegations or legal conclusions couched as factual [] allegations" (citation and internal quotation marks omitted)).  Nor is it the Court's obligation to salvage Hawkins's deficient claims by "invent[ing] factual allegations that [Hawkins] has not pled." *Antrobus v. Dapecevic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *12 (S.D.N.Y. July 3, 2018) (Karas, J.).

In her response to Coca-Cola's pre-motion letter, Hawkins cited several out-of-Circuit cases holding that "whether malic acid functions as a flavor . . . in a particular food product is a factual dispute inappropriate for resolution on a motion to dismiss."  *Willard v. Tropicana Mfg. Co., Inc.*, No. 20-CV-01501, 2021 WL 6197079, at *6 (N.D. Ill. Dec. 30, 2021); *see also Hayes v. Gen. Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *4 (N.D. Ill. July 29, 2021); *Noohi v. Kraft Heinz Co.*, No. 19-cv-10658, 2020 WL 5554255, at *4 (C.D. Cal. July 20, 2020).  These cases are contrary to the law of this District.  Courts in this District have consistently held that a plaintiff cannot survive dismissal merely by alleging the *possibility* that a product contains an artificial flavor.  Rather, a complaint must allege facts—not just legal conclusions—to state a viable claim of deception.  *See, e.g., Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 682

---

³ Hawkins also briefly claims that "[i]rrespective of the purpose [for which] DL-Malic Acid was added to the Product, it has the same effect on its characterizing flavors."  FAC ¶ 90.  To the extent Hawkins contends that her FAC should survive dismissal "irrespective" of the function of malic acid in Fanta, this argument should be rejected out of hand.  FDA rules plainly distinguish between pH balancers, flavors and flavor enhancers, *see* 21 C.F.R. § 184.1069(c), and any state-law requirement that does not adopt those same definitions would be preempted by the FDCA.  As the *Viggiano* court explained in rejecting the same argument, FDA regulations "expressly permit[]" reference to "all natural flavors" on a product label, even if the product includes artificial ingredients that affect its taste, and thus "any state law requiring [the manufacturer] to use additional or different labeling would not be identical to FDA regulations and would be preempted by the FDCA."  944 F. Supp. at 889-90.

6

(S.D.N.Y. 2021) (explaining that while the ingredients cited by plaintiff could be artificial flavors, they were not "invariably" so, and dismissing "Plaintiff's conclusory assertion that the Product contains artificial vanilla flavoring"); *Santiful v. Wegmans Food Markets, Inc.*, No. 20-CV-2933 (NSR), 2022 WL 268955, at *1 & n.6 (S.D.N.Y. Jan. 28, 2022) (holding the fact that ingredients identified by plaintiff "can" be artificial was insufficient to survive dismissal because the complaint was "devoid of non-conclusory allegations that the" ingredients used in the product were in fact "artificial" flavor); *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104 (RA), 2021 WL 168541, at *6 (S.D.N.Y. Jan. 19, 2021) (rejecting conclusory claims about "the presence of artificial flavors" in product because the complaint lacked "any factually substantiated allegations" in support).

These decisions reflect the "well settled law" of this District "that an insufficient and conclusory complaint cannot serve as the basis for discovery aimed at fishing for a possible claim against the purported defendant." *Harris v. United States*, No. 97 CIV. 1904 (CSH), 1997 WL 806976, at *2 (S.D.N.Y. Dec. 31, 1997) (citing *Stander v. Fin. Clearing & Servs. Corp.*, 718 F.Supp. 1204, 1210 (S.D.N.Y. 1989)). Hawkins's FAC cannot survive under this standard. Indeed, if a plaintiff could avoid dismissal simply by declaring that an artificial ingredient in a beverage functions as a flavor, then substantially ***all*** beverage manufacturers would be subject to expensive and burdensome discovery about the flavor systems of their products, regardless of whether the plaintiff's complaint includes "any factually substantiated allegations" to support her claims. *Wynn*, 2021 WL 168541 at *6. Federal pleading standards are designed precisely to avoid this outcome. *See, e.g.*, *CVC Claims Litig. LLC v. Citicorp Venture Cap. Ltd.*, No. 03 CIV. 7936 (DAB), 2007 WL 2915181, at *4 (S.D.N.Y. Oct. 4, 2007) ("Conclusory allegations alone cannot be the platform for launching an extensive, litigious fishing expedition in the hope of finding

7

something to support them." (citation omitted).)  Hawkins's unsupported claims should therefore be dismissed.

### B. Hawkins's Own Allegations Contradict Her Claims

Not only are Hawkins's claims conclusory in nature, they are contradicted by her own allegations that the malic acid in Fanta functions as a flavor enhancer.  As explained above, FDA rules distinguish between a "flavor," which is used to "to impart flavor" in a product, and a "flavor enhancer," which is "added to supplement, enhance, or modify the original taste and/or aroma of a food, ***without imparting a characteristic taste or aroma of its own***."  21 C.F.R. § 101.22(a)(1); *id.* § 170.3(o)(11) (emphasis added).

Hawkins's FAC is replete with allegations that the malic acid in Fanta functions as a flavor enhancer, not as a standalone flavor that "impart[s] a characteristic taste or aroma of its own."  *Id.* § 170.3(o)(11).  She admits that the product's "'characterizing' flavor is "Piña Colada," which imparts a "tart and fruity taste."  FAC ¶¶ 44, 59, 73, 97.  She alleges that Fanta's tart and fruity taste derives from an "original combination of sugar and natural L-Malic Acid," which is "alter[ed]" by the addition of "DL-Malic Acid."  *Id.* ¶ 87.  And she states unequivocally that the malic acid in Fanta is "***used to enhance the taste*** of the fruits pictured on the Product."  *Id.*  ¶ 97.

These express claims cannot be reconciled with Hawkins's conclusory allegation that the malic acid in Fanta functions as flavor, rather than a flavor enhancer.  Because Hawkins's own allegations contradict her claims, her FAC should be dismissed.  *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 413 (S.D.N.Y. 2010) (Karas, J.) (emphasizing that "the Court 'need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent'" (citation omitted)); *James v. Gage*, No. 15-CV-106 (KMK), 2018 WL 2694436, at *7 (S.D.N.Y. June 5, 2018) (Karas J.) ("[W]here [the] plaintiff's own pleadings are internally

inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." (citation omitted)); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (affirming dismissal where plaintiff's "attenuated allegations" were "contradicted both by more specific allegations in the Complaint").

## II.   Hawkins's Ancillary Claims Fail as a Matter of Law

Hawkins's remaining claims for breach of express warranty and fraud each depend on the premise that Fanta's label is deceptive. These claims thus fail for the same reason her GBL claims do: Hawkins does not and cannot plausibly allege that Fanta's label is false or misleading in any way. These allegations also suffer from other fatal defects, as detailed below.

### A.   Breach of Express Warranty

Hawkins's express warranty claim is deficient because she does not allege that she timely notified Coca-Cola of the purported breach. Instead, she simply contends that she "provided or will provide" such notice, and that Coca-Cola "should have been aware" of the alleged breach due to some unspecified "complaints by third parties." FAC ¶¶ 168-70. But Hawkins's summary reference to purported claims made by third parties is insufficient to plead timely notice under New York law. *See, e.g., Singleton v. Fifth Generation, Inc.*, No. 5:15-CV-474 (BKS/TWD), 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("[T]he fact that Defendant may have been aware of similar claims involving [its] labels did not put Defendant on notice of Plaintiff's particular claims."); *Mid Island LP v. Hess Corp.*, 41 Misc.3d 1237 (A), 2013 WL 6421281, at *4 (N.Y. Sup. Ct. Dec. 2, 2013) (explaining that "timely notice" of a claimed breach "is a condition precedent to bringing an action for breach of warranty," and "it is [the] plaintiffs' burden to plead" at risk of dismissal.). Hawkins's express warranty claim should be dismissed for this additional reason.

9

### B. Fraud

The FAC also fails to plead the elements of fraud with requisite particularity. Under Fed. R. Civ. P. 9(b), a fraud claim must "specifically plead those events which give rise to a strong inference that the defendant" had both "an intent to defraud" and "knowledge of the falsity, or a reckless disregard for the truth" of the misstatements alleged. *Beth Israel Med. Ctr. v. Verizon Bus. Network Servs., Inc.*, No. 11 Civ. 4509 (RJS), 2013 WL 1385210, at *4 (S.D.N.Y. Mar. 18, 2013). Hawkins's bare-bones allegations do not approach this standard. The FAC alludes to some unspecified "records" or "information" that "provided [Coca-Cola] with actual or constructive knowledge of the falsity and deception," and then declares that Coca-Cola's "fraudulent intent is evinced by its knowledge of" the alleged inaccuracy of the statements on the product label. FAC ¶¶ 176-78. These vague assertions lack the particularity required by Rule 9(b) and should be dismissed. *See, e.g.*, *Twohig v. Shop-Rite Supermarkets*, Inc., 519 F. Supp. 3d 154, 166 (S.D.N.Y. 2021) (dismissing fraud claim brought by Hawkins's counsel because the complaint included only the "conclusory allegation" that "Defendant's fraudulent intent [was] evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers"); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 808 (S.D.N.Y. 2021) (same); *Campbell v. Whole Foods Mkt. Grp.*, Inc., 516 F. Supp. 3d 370, 391 (S.D.N.Y. 2021) (same).

### **CONCLUSION**

Hawkins does not and cannot plausibly allege that Fanta's label is false or misleading in any way. The FAC should be dismissed, in its entirety, with prejudice.

Dated:  June 17, 2022

                    Respectfully submitted,

                    _/s/ *Steven A. Zalesin*_ _____
Steven A. Zalesin
Jane Metcalf
Dakotah M. Burns
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
(212) 336-2000
sazalesin@pbwt.com
jmetcalf@pbwt.com
dburns@pbwt.com

*Attorneys for Defendant The Coca-Cola Company*