UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS COURTHOUSE

| | |
|---|---|
| Janie Hawkins, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>- against -<br><br>The Coca-Cola Company,<br><br>      Defendant | 7:21-cv-08788-KMK |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the First Amended Complaint

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

INTRODUCTION ....................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 1

LEGAL STANDARDS ............................................................................................................... 2

ARGUMENT ............................................................................................................................... 2

I.      PLAINTIFF PLAUSIBLY ALLEGED DECEPTION ....................................................... 2

        A.     That DL-Malic Acid Functions as a Flavor is Not Implausible ............................. 3

        B.     Whether DL-Malic Acid Functions as Flavor is Different Question
             From Whether Vanillin is Artificial ........................................................................ 4

II.     PLAINTIFF'S ALLEGATIONS SEEK WHAT IS ALREADY REQUIRED ................... 5

III.    PLAINTIFF'S EXPRESS WARRANTY CLAIM IS SUFFICIENT ................................ 6

        A.     Plaintiff Provided Notice Consistent with the Statute ........................................... 6

        B.     Allegations Based on Non-Natural Flavoring Were Plausible .............................. 6

IV.    PLAINTIFF'S FRAUD CLAIM IS ALLEGED WITH PARTICULARITY .................... 7

CONCLUSION ............................................................................................................................ 7

**TABLE OF AUTHORITIES**

**Cases**

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
   39 F. Supp. 3d 516 (S.D.N.Y. 2014)............................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................... 2, 4

*Branca v. Bai Brands, LLC*,
   No. 18-cv-00757, 2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ................................... 5

*Broder v. Cablevision Sys. Corp.*,
   418 F.3d 187 (2d Cir. 2005) .......................................................................................... 6

*Budhani v. Monster Energy Co.*,
   527 F. Supp. 3d 667 (S.D.N.Y. 2021)........................................................................... 5

*Duran v. Henkel of Am., Inc.*,
   450 F. Supp. 3d 337 (S.D.N.Y. 2020)........................................................................... 3

*Galper v. JP Morgan Chase Bank, N.A.*,
   802 F.3d 437 (2d Cir. 2015) .......................................................................................... 2

*Gavilanes v. Gerber Prods. Co.*,
   No. 20-cv-05558, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021) ................................... 6

*Hayes v. Gen. Mills, Inc.*,
   No. 19-cv-05626, 2021 WL 3207749, (N.D. Ill. July 29, 2021) ................................... 5

*In Re Pepsico, Inc., Bottled Water Mktg. & Sales Practices Litig.*,
   588 F. Supp. 2d 527 (S.D.N.Y. 2008)........................................................................... 6

*Lam v. Gen. Mills, Inc.*,
   859 F. Supp. 2d 1097 (N.D. Cal. 2012) ........................................................................ 4

*Mantikas v. Kellogg Co.*,
   910 F.3d 633 (2d Cir. 2018) .......................................................................................... 3

*Neri v. R.J. Reynolds Tobacco Co.*,
   No. 98-cv-371, 2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000)................................... 6

*Noohi v. Kraft Heinz Co.*,
   No. 19-cv-10658, 2020 WL 5554255 (C.D. Cal. July 20, 2020)................................... 5

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d. Cir. 2015) .................................................................................................. 2

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) ............................................................................................................... 2

*Reyes v. City of New York*,
    992 F. Supp. 2d 290 (S.D.N.Y. 2014) ..................................................................................... 5

*Rogath v. Siebenmann*,
    129 F.3d 261 (2d Cir. 1997) .................................................................................................... 7

*Santiful v. Wegmans Food Markets, Inc.*,
    No. 20-cv-2933, 2022 WL 268955 (S.D.N.Y. Jan. 28, 2022) ................................................. 5

*Sims v. Campbell Soup Co.*,
    No. 18-cv-668, 2018 WL 7568640 (C.D. Cal. Sept. 24, 2018) ............................................... 5

*Singleton v. Fifth Generation, Inc.*,
    No. 15-cv-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) .................................................. 6

*Tomasino v. Estee Lauder Cos. Inc.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ....................................................................................... 6

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021) ..................................................................................... 7

*Viggiano v. Hansen Natural Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ................................................................................ 4, 5

*Willard v. Tropicana Mfg. Co., Inc.*,
    No. 20-cv-01501, 2021 WL 6197079 (N.D. Ill. Dec. 30, 2021) ............................................. 5

*Wynn v. Topco Assocs., LLC*,
    No. 19-cv-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ............................................... 5

**Rules**

Fed. R. Civ. P.  9(b) ................................................................................................................ 9, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 4


**Statutes**

N.Y. G.B.L. § 349 .......................................................................................................................... 1

N.Y. G.B.L. § 350 .......................................................................................................................... 1

N.Y. U.C.C. § 2-313(1)(b) ................................................................................................. 9

N.Y. U.C.C. § 2-607 ......................................................................................................... 8

N.Y. U.C.C. § 2-607(3)(a) ................................................................................................ 8

**Regulations**

21 C.F.R. § 101.22(i)(1) .................................................................................................... 5

21 C.F.R. § 170.3(o)(23) ................................................................................................... 5

## INTRODUCTION

Plaintiff Janie Hawkins ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by The Coca-Cola Company ("Defendant" or "Coca-Cola") to Dismiss the Amended Complaint ("Am. Compl."). ECF Nos. 12, 22.

Plaintiff brings claims for damages for violations of New York General Business Law ("GBL") §§ 349 and 350, Am. Compl. ¶¶ 148-153, and the consumer protection laws of Arkansas, West Virginia, and Iowa, Am. Compl. ¶¶ 154-158, breach of express warranty, Am. Compl. ¶¶ 159-174, and common law claims, Am. Compl. ¶¶ 175-178, on behalf of purchasers of Defendant's piña colada flavored soda under the Fanta brand (the "Product"). Am. Compl. ¶ 1. Plaintiff seeks monetary damages, expenses, and reasonable attorneys' fees. Am. Compl. at 22-23, Prayer for Relief, ¶¶ 3-5. [1]

Defendant argues that the claims should be dismissed because, among other reasons, the allegations are not plausible. *See* Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 7-8, ECF No. 23. Defendant's Motion should be denied.

## FACTUAL BACKGROUND

Defendant manufactures, labels, markets, and sells coconut and pineapple flavored soda promoted as having "100% Natural Flavors." Am. Compl. ¶ 1. Plaintiff is a part of the "76% of consumers [who] avoid artificial flavors" for reasons including their "believed negative health effects, avoidance of chemicals and synthetic ingredients, and negative environmental impact." Am. Compl. ¶¶ 25, 122.

Prior to buying the Product, "Plaintiff believed and expected the Product contained only natural flavoring … because that is what the representations [] said." Am. Compl. ¶ 132. Plaintiff

---

[1] Plaintiff previously withdrew her implied warranty and Magnuson Moss Warranty Act claims, unjust enrichment and injunctive relief.

1

was unaware "the malic acid listed in the ingredients [wa]s the artificial version [because she lacked] a chemistry kit and detailed knowledge of the relevant regulations" how this ingredient was used to "resemble[s] the natural characterizing flavors [of pineapple and coconut]." represented to be used. Am. Compl. ¶¶ 92-93. Had Plaintiff known these facts, she "would not have bought the Product or would have paid less." Compl. ¶ 111.

## LEGAL STANDARDS

When considering a Rule 12(b)(6) motion, the court "is required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015).

A plaintiff need only allege enough facts to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true," because "[t]he plausibility standard is not akin to a 'probability requirement.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

I.   **PLAINTIFF PLAUSIBLY ALLEGED DECEPTION**

Plaintiff brings claims under GBL §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).

To successfully assert a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015). A plaintiff must plausibly allege that the deceptive conduct

2

was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018).

Whether a representation is likely to mislead a reasonable consumer "is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020).

A.      That DL-Malic Acid Functions as a Flavor is Not Implausible

Defendant's contention that the Amended Complaint only shows that "some of Fanta's ingredients are 'artificial,'" is incomplete, because malic acid is the first and second most predominant acid in coconuts and pineapples, which "contributes and enhances the fruity, sweet and sour taste of these [] fruits." Def. Mem. at 9; Am. Compl. ¶¶ 47-48.

Though the flavor of pineapples and coconuts is "heavily dependent on specific ratios of sugar and L-Malic Acid" to provide their "tart and fruity [] taste," Defendant added DL-Malic Acid because it "resembles the natural characterizing flavors [of pineapple and coconut]." Am. Compl. ¶¶ 65, 82, 93.

In response to these factual allegations, Defendant offers distortion and doubt, neither of which is entitled to deference on a Rule 12(b)(6) motion. Defendant selectively quotes the allegations to describe them as "contradictory" because she acknowledged "DL-Malic Acid *could* function as a flavor enhancer or PH balancer." Def. Mem. at 6-7, 12-13 *compare with* Am. Compl. ¶ 83 (emphasis added). However, "[DL-Malic Acid] used is not a PH balancer because it is not necessary to change or maintain active acidity or basicity in the Product." Am. Compl. ¶ 89.

Next, Defendant asserts that Plaintiff "concedes that the malic acid in Fanta does not impart a taste or aroma of its own, but instead is 'used to enhance the taste of the fruits pictured on the Product." Def. Mem. at 7 quoting Am. Compl. ¶ 97. This omits the first half of that allegation

3

which states DL-Malic Acid "contribute[s] to the [Product's] tart and fruity fruit taste." Am. Compl. ¶ 97.

Unlike the ace-K and sucralose in *Viggiano* that was alleged to "amplif[y] whatever characterizing flavor [those diet sodas] ha[d] from another source," "the flavor imparted by malic acid is a core component of [] [pineapples and coconuts]," and its "function [was] to impart taste." Def. Mem. at 9 citing *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013) citing 21 C.F.R. § 101.22(i)(1) and 21 C.F.R. § 170.3(o)(23); Am. Compl. ¶¶ 37, 86.

Defendant's reliance on *Lam* is similarly misplaced because "[T]he crux" of her allegations was that the subject "[fruit snacks'] ingredients, not their flavors, [we]re unnatural." Def. Mem. at 9 citing *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1102-3 (N.D. Cal. 2012).

In contrast to the plaintiffs in *Viggiano* and *Lam* who were concerned with artificial ingredients, Plaintiff's focus was exclusively on artificial flavors. She identified artificial flavor amongst "the spectrum of artificial ingredients, [that] consumers are especially focused on, and seek to avoid." Am. Compl. ¶ 8. This was supported by newspaper and trade journal reports on efforts "to remove artificial flavors," the reasons for doing so, and several large surveys confirming this was a type of ingredients most consumers try and avoid. Am. Compl. ¶¶ 12-27.

B. <u>Whether DL-Malic Acid Functions as Flavor is Different Question From Whether Vanillin is Artificial</u>

Defendant wrongly argues that Plaintiff has only "alleg[ed] the *possibility* that [the] [P]roduct contains an artificial flavor," even though "[L]aboratory analysis concluded this Product contains artificial, DL-Malic Acid." Def. Mem. at 10; Am. Compl. ¶ 70. By coupled this fact with "further factual enhancement" regarding the core flavors of pineapple and coconut and this compound's chemical properties, Plaintiff has "nudged" her claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Defendant's attempt to undermine the numerous "out-of-Circuit cases" that concluded whether malic acid is a flavor or a flavor enhancer is a "factual dispute inappropriate for resolution on a motion to dismiss" is misplaced. Def. Mem. 10 citing *Willard v. Tropicana Mfg. Co., Inc.*, No. 20-cv-01501, 2021 WL 6197079, at *6 (N.D. Ill. Dec. 30, 2021) and *Hayes v. Gen. Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *4 (N.D. Ill. July 29, 2021) and *Noohi v. Kraft Heinz Co.*, No. 19-cv-10658, 2020 WL 5554255, at *4 (C.D. Cal. July 20, 2020); *see Sims v. Campbell Soup Co.*, No. 18-cv-668, 2018 WL 7568640, at *5 (C.D. Cal. Sept. 24, 2018); *see also Branca v. Bai Brands, LLC*, No. 18-cv-00757, 2019 WL 1082562, at *8 (S.D. Cal. Mar. 7, 2019).

First, Plaintiff's allegations are plausible on their own, without this Court looking to any other decisions. Second, while none of these cases are "binding," these "decisions from sister states [and] federal decisions, and the general weight and trend of authority" represent a body of law to consider. *Reyes v. City of New York*, 992 F. Supp. 2d 290, 301 (S.D.N.Y. 2014).

Defendant's attempt to graft similar non-binding cases about the labeling of products as "vanilla" is inapposite. In those cases, the plaintiffs inferred the use of artificial vanillin based on a chain of inferences which were not "matters of common knowledge," while neither party disputes that "DL-Malic Acid [] is synthetically produced from petroleum." Def. Mem. at 10 citing *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 682 (S.D.N.Y. 2021) and *Santiful v. Wegmans Food Markets, Inc.*, No. 20-cv-2933, 2022 WL 268955, at *1 & n.6 (S.D.N.Y. Jan. 28, 2022) and *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104, 2021 WL 168541, at *6 (S.D.N.Y. Jan. 19, 2021); Am. Compl. ¶ 68.

## II. PLAINTIFF'S ALLEGATIONS SEEK WHAT IS ALREADY REQUIRED

Defendant mischaracterizes Plaintiff's claims as attempting to impose "additional or different labeling" than otherwise required by the FDA. Def. Mem. at 10 n.3 citing *Viggiano*, 944 F. Supp. 2d at 889-90. However, her allegations are based on Defendant's failure to abide by the

5

"identical requirements" of federal and state law, and the removal of "100% Natural Flavors" would not conflict with any federal regulations. *In Re Pepsico, Inc., Bottled Water Mktg. & Sales Practices Litig.*, 588 F. Supp. 2d 527, 538 (S.D.N.Y. 2008).

These are "'free-standing claim[s] of deceptiveness under GBL § 349 that happen[s] to overlap with a possible claim' under another statute that is not independently actionable." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 200 (2d Cir. 2005).

### III. PLAINTIFF'S EXPRESS WARRANTY CLAIM IS SUFFICIENT

#### A. Plaintiff Provided Notice Consistent with the Statute

Defendant's attempt to dismiss the express warranty claim because Plaintiff failed to "timely notif[y] Coca-Cola of the purported breach" is unavailing for multiple reasons. Def. Mem. at 13 citing *Singleton v. Fifth Generation, Inc.*, No. 15-cv-474, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016).

First, Plaintiff complied with N.Y. U.C.C. § 2-607because she purchased the Product "in October 2021" and notified Defendant of the breach by filing this action on October 28, 2021. N.Y. U.C.C. § 2-607(3)(a); ECF No. 1; Am. Compl. ¶ 131; *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 261 n.6 (E.D.N.Y. 2014) (recognizing "that a plaintiff's pleadings may constitute reasonable notice").

Second, "notice requirements for breaches of warranty have long been jettisoned in New York" for retail sales. *Gavilanes v. Gerber Prods. Co.*, No. 20-cv-05558, 2021 WL 5052896, at *7 (E.D.N.Y. Nov. 1, 2021) citing *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept. 28, 2000).

#### B. Allegations Based on Non-Natural Flavoring Were Plausible

Defendant's argument that Plaintiff's claim for breach of express warranty fails because she has not "plausibly alleged that Fanta's label is false or misleading" fails because the converse

6

is true. Def. Mem. at 13. Through representing the Product as getting its pineapple and coconut taste from "100% Natural Flavors" even though this was achieved through adding DL-malic acid was a breach. *Rogath v. Siebenmann*, 129 F.3d 261, 263 (2d Cir. 199) quoting N.Y. U.C.C. § 2-313(1)(b); Am. Compl. ¶¶ 97, 100.

### IV.  PLAINTIFF'S FRAUD CLAIM IS ALLEGED WITH PARTICULARITY

Defendant describes Plaintiff's fraud claims as "vague assertions" that "lack the particularity required by Rule 9(b)," even though scienter can "be alleged generally." Def. Mem. at 14 citing *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 166 (S.D.N.Y. 2021); Fed. R. Civ. P. 9(b).

Plaintiff satisfied the "primary purpose of Fed. R. Civ. P. 9(b)" by providing "the essential factual background that would accompany 'the first paragraph of any newspaper story.'" *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 520 (S.D.N.Y. 2014). The "who" is "The Coca-Cola Company." Am. Compl. ¶ 123. The "what" included "'100% NATURAL FLAVORS,' above pictures of half a coconut[, and] a wedge of pineapple," with the statement of "Piña Colada Flavored Soda With Other Natural Flavors." Am. Compl. ¶¶ 4, 75. The "where" and "when" was at "ShopRite, 250 Route #59, Tallman, NY 10901 in October 2021." Am. Compl. ¶ 131. The "how" included "the addition of artificial flavor in the form of DL-Malic Acid" while telling "consumers [the Product] is flavored only with natural flavors." Am. Compl. ¶ 71.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file a Second Amended Complaint.

Dated:      July 15, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
Katherine Lalor
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080

Shub Law Firm LLC
Jonathan Shub
Kevin Laukaitis*
134 Kings Hwy E Fl 2
Haddonfield NJ 08033
Tel: (856) 772-7200

*Pro Hac Vice Application Pending or Forthcoming

**Certificate of Service**

I certify that on July 15, 2022, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan